UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>GREGORY FISH,<br><br>Respondent. | No. 2:25-CV-1729-JNW<br><br>**PETITIONER VALVE CORPORATION'S OPPOSITION TO RESPONDENT'S MOTION TO REMAND**<br><br>**NOTING DATE: SEPTEMBER 18, 2026** |



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**TABLE OF CONTENTS**

**Page**


I. INTRODUCTION ....................................................................................1

II. FACTUAL BACKGROUND ....................................................................1

III. ARGUMENT ..........................................................................................2

A. This Court Lacks Jurisdiction Over This Motion Because Respondent Has Appealed The Court's Order To The Ninth Circuit..........2

B. This Court Should Defer Resolution Of The Motion Pending Resolution Of The Underlying Contract Dispute In *Abbruzzese*.................3

C. The Court Cannot Remand For Further Proceedings In The Same Arbitration Because The Time For The Award To Be Made Has Expired..........................................................................................3

D. The Court Cannot Remand Because That Would Reverse A Decision Vested With The AAA ..................................................................5

E. The Court Should Not Remand To An Arbitrator That This Court Has Ruled Deprived Valve Of Due Process ...............................................5

IV. CONCLUSION .........................................................................................6




CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Aircraft Braking Systems Corp. v. Local 856, International Union, UAW*, 97 F.3d 155 (6th Cir. 1996) ....... 6

*Bakery & Confectionery Union & Industry International Pension Fund v. Zaro Bake Shop, Inc.*, No. 20-cv-9894 (LJL), 2021 WL 2350094 (S.D.N.Y. June 8, 2021) ....... 5

*Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884 (5th Cir. 2009) ....... 5

*Frazier v. X Corp.*, 155 F.4th 87 (2d Cir. 2025) ....... 5

*Granger v. King*, No. 2:25-cv-00811-JNW, 2025 WL 2355480 (W.D. Wash. June 30, 2025), *aff'd*, 2025 WL 2347898 (W.D. Wash. July 1, 2025), *appeal dismissed*, No. 25-3342, 2025 WL 3693503 (9th Cir. Oct. 7, 2025) ....... 3

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), *superseded by statute on other grounds* ....... 2

*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002) ....... 5

*Kashner Davidson Securities Corp. v. Mscisz*, No. 05-11433-MLW, 2010 WL 2612743 (D. Mass. June 25, 2010) ....... 6

*Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010 (9th Cir. 2004) ....... 5

*Lindsey v. Travelers Commercial Insurance Co.*, No. 2:19-cv-01855-KJM-CKD, 2024 WL 2131680 (E.D. Cal. May 13, 2024) ....... 4

*Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504 (2001) ....... 4

*McClatchy Newspapers v. Central Valley Typographical Union No. 46, International Typographical Union*, 686 F.2d 731 (9th Cir. 1982), *amended* (9th Cir. Sep. 22, 1982) ....... 4



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Miller v. Thurston County*,
No. 3:23-cv-05745-TMC,
2025 WL 50463 (W.D. Wash. Jan. 8, 2025) ....................3

*Sanchez v. Elizondo*,
878 F.3d 1216 (9th Cir. 2018) ....................4, 5

*United States v. Kandi*,
No. 3:22-cv-05653-RJB,
2024 WL 4266694 (W.D. Wash. Sep. 23, 2024) ....................3

*Wachovia Securities, LLC v. Wiegand*,
No. 07CV243 IEG (BLM),
2007 WL 9776732 (S.D. Cal. Apr. 16, 2007) ....................6

*Wallrich v. Samsung Electronics America, Inc.*,
106 F.4th 609 (7th Cir. 2024) ....................5

## STATUTES

9 U.S.C. § 10 ....................4

## OTHER AUTHORITIES

American Arbitration Association, Consumer Arbitration Rules, R-41 (2014) ....................4

American Arbitration Association, Consumer Arbitration Rules, R-42 (2014) ....................4

American Arbitration Association, Consumer Arbitration Rules, R-47 (2014) ....................4



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## I. INTRODUCTION[1]

Respondent's Motion to Remand for Further Arbitration Proceedings should be denied for several independent reasons:

*First*, the Court lacks jurisdiction to entertain the Motion because Respondent filed a Notice of Appeal that divests the district court of control and gives exclusive jurisdiction to the Ninth Circuit. *Second*, even if the Court had jurisdiction, it should stay this action and defer resolution of Respondent's Motion pending further guidance from the Ninth Circuit regarding whether the parties had an enforceable arbitration agreement. *Third*, the Court cannot remand this action for further arbitration proceedings in Respondent's closed arbitration because the time for the award to be issued expired and the hearings can no longer be reopened. *Fourth*, the Court cannot remand this action for further arbitration proceedings because that would be an attempt to reverse a decision that is vested with the AAA—namely, the administrative determination to close and not to reopen the arbitration. *Lastly*, it would be improper to remand Respondent's claim to the same Arbitrator because she denied Valve due process.

## II. FACTUAL BACKGROUND

On July 24, 2026, this Court entered its Order vacating the Final Award. Dkt. 28. The Court found that the "contract question" whether the Arbitration was *ultra vires* because the parties had no agreement to arbitrate "is better answered in [*Valve Corporation v. Abbruzzese*, No. 2:24-cv-1717 (W.D. Wash.)], where it is squarely presented." Dkt. 28 at 4. But the Court held that the Final Award cannot stand because the Arbitrator denied Valve due process by denying Valve access to the relevant timesheets and billing records on which she based her fee award. *Id.* at 9.

On July 30, 2026, this Court certified its preliminary injunction order in *Abbruzzese* for interlocutory appeal and stayed both that case and several related cases. *Abbruzzese*, Dkt. 192. This

[1] Capitalized terms not defined herein have the meanings ascribed in the Petition (Dkt. 1). Emphases are added and internal citations are omitted unless otherwise indicated. Citations to lettered exhibits refer to exhibits to the Declaration of Scott Lynch (Dkt. 2), dated September 8, 2025 ("Lynch Decl."). Citations to numbered exhibits refer to exhibits to the Declaration of Blake Marks-Dias ("Marks-Dias Decl.") filed concurrently herewith.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Court found that an immediate appeal will materially advance this litigation because if the Ninth Circuit agrees with Valve that the Controlling SSA is enforceable, then "the Parties and the Court will have the answer to the central question now rather than at the end of the case, and will be spared the work in between." *Id.* at 4.

On July 30, 2026, Respondent's counsel wrote directly to the Arbitrator to request that Respondent's Arbitration be reopened and attached this Court's order. (Ex. 1.) That communication violated the AAA's directive to the parties to direct all related communications to the AAA because the Arbitration was closed.

On August 6, 2026, Valve responded to the AAA that the AAA closed the arbitration and therefore the proceeding could not continue. (Ex. 2.) On August 10, 2026, Respondent's counsel again directly wrote to the Arbitrator, requesting that the arbitration be reopened. (Ex. 3.) On August 11, 2026, Valve reminded the AAA that the arbitration was closed and the former Arbitrator is no longer the arbitrator. (Ex. 4.)

On August 17, 2026, the AAA notified the parties that Respondent's closed Arbitration would not be reopened. (Ex. 5.) The AAA's email indicated that the Arbitrator had "been informed of [the] AAA's decision not to reopen the case files." (*Id.*)

On August 21, 2026, Respondent filed this Motion (Dkt. 29) and then a Notice of Appeal (Dkt. 30).

## III. ARGUMENT

### A. This Court Lacks Jurisdiction Over This Motion Because Respondent Has Appealed The Court's Order To The Ninth Circuit

This Court lacks jurisdiction to consider the Motion under the well-established principle that a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), *superseded by statute on other grounds*.

Despite appealing the Order, Respondent asks that this Court remand to the Arbitrator for



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

further proceedings and for the unfair fee briefing to be redone. (Mot. 4.) This Court, however, cannot take additional steps based on its vacatur Order while Respondent's appeal of that same Order remains pending. *See Granger v. King*, 2025 WL 2355480, at *1 (W.D. Wash. June 30, 2025) (Whitehead, J.) (because plaintiff's sanctions "motion clearly relates to the order of dismissal now pending on appeal before the Ninth Circuit," the District Court is "without jurisdiction to consider it"), *aff'd*, 2025 WL 2347898 (W.D. Wash. July 1, 2025) (Estudillo, J.), *appeal dismissed*, No. 25-3342, 2025 WL 3693503 (9th Cir. Oct. 7, 2025); *Miller v. Thurston Cnty.*, 2025 WL 50463, at *2 (W.D. Wash. Jan. 8, 2025) (citing *Griggs*) (where the plaintiff requested an "order [that] discovery continue on the very claims that the Court held had no merit," and dismissal was on appeal, "Court would not have jurisdiction to decide this claim"); *United States v. Kandi*, 2024 WL 4266694, at *2 (W.D. Wash. Sep. 23, 2024) (citing *Griggs*) ("This Court is divested of jurisdiction to consider the motion because the motion would require the Court to consider those aspects of the case that are on appeal.").

### B. This Court Should Defer Resolution Of The Motion Pending Resolution Of The Underlying Contract Dispute In *Abbruzzese*

Even if the Court had jurisdiction (and it does not), it should defer resolution of the Motion until the question whether Respondent had an agreement to arbitrate is decided in *Abbruzzese*. In this Court's Order vacating Respondent's Final Award, this Court found that the "contract question" of whether the parties had an agreement to arbitrate "is better answered in *Abbruzzese*, where it is squarely presented." Dkt. 28 at 4. The Court stayed *Abbruzzese* and other cases presenting the same issue pending a potential ruling from the Ninth Circuit. *Abbruzzese*, Dkt. 192 at 4. The Court should follow the same course here and stay the action and strike this Motion. If the Ninth Circuit determines that there is no agreement to arbitrate, then the previous arbitration proceeding and any further proceedings are *ultra vires*—making a remand improper.

### C. The Court Cannot Remand For Further Proceedings In The Same Arbitration Because The Time For The Award To Be Made Has Expired

A remand to the Arbitrator is also not permitted under the FAA. In some circumstances, a



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

court that vacates an arbitration award can also remand for new arbitration proceedings. But the Motion seeks different and more specific relief—a remand for further proceedings in the existing arbitration that the AAA has already closed. That more specific relief of rehearing in an existing arbitration is available only if "the time within which the agreement required the award to be made *has not expired*." 9 U.S.C. § 10(b).

Here, the time to issue an award expired long ago. The Superseded SSA under which the Arbitration proceeded did not provide the timing for the issuance of an award, but it expressly provided that the "arbitration will be governed by the Consumer Arbitration Rules." (Lynch Decl. Ex. A.) The Consumer Arbitration Rules in turn, provide that the arbitrator must promptly issue the award, "no later than 30 calendar days from the date the hearing is closed." *See* AAA Consumer Rules, R-42 (2014). The Arbitrator issued the Award on September 3, 2025. (Ex. 6.) And, "once an arbitrator has made and published a final award his authority is exhausted and he is functus officio and can do nothing more in regard to the subject matter of the arbitration." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l. Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982), *amended* (9th Cir. Sep. 22, 1982). The AAA Consumer Rules codify that principle. *See* AAA Consumer Rules, R-41 (2014) ("hearing may be reopened" only "before the award is made"); *id.*, R-47(a) ("The arbitrator has no power to re-determine the merits of any claim already decided."). Accordingly, because the time to issue the award has lapsed and the Arbitration is already closed under the AAA rules, there is no existing arbitration proceedings (or arbitrator) to which this Court could remand for further proceedings.

Respondent's authorities are not to the contrary. Respondent cites *Sanchez v. Elizondo*, 878 F.3d 1216 (9th Cir. 2018), *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504 (2001), and *Lindsey v. Travelers Commercial Insurance Co.*, 2024 WL 2131680 (E.D. Cal. May 13, 2024), for the general proposition that courts may remand vacated arbitration awards for further arbitration proceedings. (Mot. 2, 4.) But none of those decisions endorses an attempt to remand for further proceedings in an existing arbitration after the time to issue a final award has expired



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

under the agreement or the arbitration provider's rules and the arbitration is closed. For example, the Ninth Circuit in *Sanchez* considered "a vacatur that remands for a *new arbitration*," which the court explained "*terminates* the initial arbitration." 878 F.3d at 1220. That undermines rather than supports Respondent's position.

### D. The Court Cannot Remand Because That Would Reverse A Decision Vested With The AAA

The Court also cannot remand for further arbitration proceedings because that would overturn a decision that is vested with the AAA. "'[P]rocedural' questions which grow out of the dispute [in arbitration] and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (emphasis in original); *accord Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1013 (9th Cir. 2004); *Frazier v. X Corp.*, 155 F.4th 87, 100 (2d Cir. 2025); *Wallrich v. Samsung Elecs. Am., Inc.*, 106 F.4th 609, 620 (7th Cir. 2024); *Dealer Comput. Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009).

On September 8, 2025, the AAA closed the Arbitration. (Ex. 7.) On July 30, 2026, Respondent's counsel asked the AAA to reopen the arbitration. (Ex. 1.) On August 17, 2026, the AAA reaffirmed its conclusion that the Arbitration was closed and could not be reopened. (Ex. 5.) The decision to close and not reopen the Arbitration is a procedural determination vested with the AAA. *See Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Zaro Bake Shop, Inc.*, 2021 WL 2350094, at *15 (S.D.N.Y. June 8, 2021) (determination not to reopen hearings "was a matter[ ] of procedure [ ] best left to the arbitrators themselves" and "[t]o find otherwise would constitute an open invitation for courts either to second guess arbitrators' reading and application of the scope of their procedural rules"). This Court may not revisit that decision and remand to a closed arbitration.

### E. The Court Should Not Remand To An Arbitrator That This Court Has Ruled Deprived Valve Of Due Process

This Court also may not remand for further proceedings before the same Arbitrator that



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

this Court already found to have violated Valve's due process rights. Where the original arbitrator "acted, or failed to act, in a manner from which one might infer bias against one of the parties or "other misconduct," any conceivable remand should be to a new arbitrator. *Kashner Davidson Sec. Corp. v. Mscisz*, 2010 WL 2612743, at *2 (D. Mass. June 25, 2010) (remanding to new arbitral panel where the original panel was found to have acted with "intentional and willful disregard of the clear and unequivocal language" of the NASD rules where the panel had considered the merits of a party's claims that had neither been briefed nor argued); *see also Aircraft Braking Sys. Corp. v. Loc. 856, Int'l Union, UAW*, 97 F.3d 155, 162-63 (6th Cir. 1996) (remand to new arbitrator was proper where it was obvious original arbitrator "did not believe himself bound by prior judicial resolution of the same issue in a lawsuit involving the same parties"); *Wachovia Sec., LLC v. Wiegand*, 2007 WL 9776732, at *12 (S.D. Cal. Apr. 16, 2007) (vacating arbitration award where "panel decided issues of professional responsibility law that were not submitted to it" and remanding to NASD for rehearing "before a <u>different</u> arbitration panel" (emphasis in original)). Here, this Court found that the Arbitrator violated Valve's due process rights and "due process is not a procedural or evidentiary mechanism which the arbitrator may discard at their discretion; it is a constitutional requirement that may not be abrogated even when proceeding in an arbitral setting." Dkt. 28 at 9. Accordingly, it would be improper to remand this action to the same arbitrator.

## IV. CONCLUSION

Accordingly, this Court should deny Respondent's Motion to Remand.



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED: September 11, 2026

I certify that this memorandum contains 2,099 words, in accordance with the Local Rules.

CORR CRONIN LLP

*s/ Blake Marks-Dias*

Blake Marks-Dias, WSBA No. 28169
1015 Second Avenue, Floor 10
Seattle, Washington 98104
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Admitted Pro Hac Vice*
Meredith C. Slawe, *Admitted Pro Hac Vice*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Petitioner Valve Corporation*