UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>GREGORY FISH,<br><br>Respondent. | CASE NO. 2:25-cv-01729-JNW<br><br>ORDER DENYING RESPONDENT'S MOTION TO REMAND |

Respondent Gregory Fish's motion to remand comes before the Court. Dkt. No. 29. On July 24, 2026, the Court granted in part Petitioner Valve Corporation's petition to vacate Fish's arbitration award. Dkt. No. 28. Fish moves to remand this matter to the American Arbitration Association ("AAA") to "conduct further proceedings consistent with th[e] Court's ruling [on vacatur] and issue a new final award." Dkt. No. 29 at 1.

At the same time, Fish appeals the Court's partial vacatur order. Dkt. No. 30. That appeal deprives the Court of jurisdiction to grant the relief Fish seeks, as the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Fish argues that the issue he wants remanded isn't one of those aspects, but the only part of the July 24 order that went against him was the vacatur of the Final Award, and the remand he seeks assumes that vacatur will stand. A remand now would put the arbitrator to work on a new fee award while the Ninth Circuit decides whether to reinstate the old one—just what the rule guards against.

Fish's reliance on *Sanchez v. Elizondo*, 878 F.3d 1216 (9th Cir. 2018), is misplaced. That decision does not "confirm[] that vacatur, remand, and appellate review can coexist," as he claims. Dkt. No. 34 at 7. Rather, *Sanchez* held that an order vacating an award and remanding the case for a new arbitration *is* an appealable order. *Sanchez*, 878 F.3d at 1219–21. It said nothing about what a district court may do after a notice of appeal is filed, and the remand there came before the appeal, not after it. *Id.* at 1219.

Accordingly, the motion to remand is DENIED. Dkt. No. 29. The Court does not reach the parties' remaining arguments about whether, or before which arbitrator, a remand could proceed, and Valve's request for a stay is DENIED as moot. The Court DIRECTS the Parties to file a joint status report within FOURTEEN (14) DAYS of the Ninth Circuit's mandate in this matter or other resolution of the appeal. If appropriate, Fish may renew his motion to remand after the appeal is resolved.

Dated this 26th day of October, 2026.

Jamal N. Whitehead
United States District Judge